## Clippinger's Estate.   Mosebey's Appeal.

*Set-off—Judgment—Charge on land—Annuity—Personal obligation.*

Mosebey owned land charged with an annuity. He conveyed the land to John McClain, and agreed to protect it from the charge of the annuity. John McClain conveyed the land to Frank McClain who conveyed it to James McClain. Mosebey after the conveyance continued to pay the annuity to the annuitant, but at her death it was in arrears. Suit was brought by her administrator against Frank McClain, and a judgment recovered which was paid by James McClain to prevent a sale of the land. Mosebey recovered a judgment against the annuitant's administrator to recover for goods sold and money advanced. At the audit of the administrator's account the auditor found that the goods delivered and money advanced by Mosebey was on account of the annuity. Mosebey claimed that he had been released by John McClain from his agreement to pay the annuity. The auditor awarded the amount of the Mosebey judgment to James McClain. *Held,* to be error. ·

Mosebey was under no duty to pay the annuity to the annuitant as he had never covenanted with her to do so, and was not the holder of the title when it became due. The payments which he had previously made to her were in discharge of his obligation to another, John McClain. Her administrator could not set off her claim for annuity in an action by him for goods sold. On the other hand he was under no legal duty to Frank McClain or James McClain to pay the annuity. His obligation to pay it, if any existed, was a personal obligation to another who was their predecessor in title. There was no privity of estate or contract between the parties. By Mr. Justice Fell.

Argued May 29, 1894. Appeal, No. 9, May T., 1894, by William L. Mosebey, from decree of O. C. Fulton Co., dismissing exceptions to auditor's report on exceptions to account in estate of Elizabeth C. Clippinger, deceased. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Exceptions to report of McC. D. Skinner, Esq., auditor. The facts appear by the opinion of the Supreme Court.

*Errors assigned* were dismissal of exceptions to auditor's report, quoting them.

*F. E. Colvin, John M. Reynolds* and *W. Scott Alexander,* with him, for appellant, cited : Yundt's Est., 6 Pa. 35 ; Gaston's

Ap., 1 Pitts. 48 ; Second Nat. Bank of Titusville's Ap., 85 Pa. 530; Sergeant's Heirs v. Ewing, 36 Pa. 156; Meckley's Ap., 102 Pa. 542.

*Geo. A. Smith* and *John P. Sipes*, for appellees, not heard, cited : Dundas's Est., 73 Pa. 480 ; Drysdale's Ap., 14 Pa. 531.

OPINION BY MR. JUSTICE FELL, July 11, 1894 :

The facts out of which this controversy has arisen are somewhat complicated, but to the extent to which they are important in considering the question raised they may be briefly stated.

Wm. L. Mosebey owned a tract of land charged with the payment of an annuity to Elizabeth Clippinger.   He conveyed this land to John McClain, and subsequently agreed with him to protect it from the charge of the annuity.   John McClain conveyed the land to Frank McClain, who conveyed it to James McClain.   Wm. L. Mosebey after the conveyance continued for some time to pay the annuity to Mrs. Clippinger, but at her death it was in arrears, and suit was brought by her administrator against Frank McClain, and a judgment obtained for $766.34, which was paid by James McClain to prevent the sale of the land.

Wm. L. Mosebey obtained a judgment against the same administrator for $330 in an action for goods sold and money advanced to Mrs. Clippinger.

Upon the trial of the action against Frank McClain for arrears of annuity, Wm. L. Mosebey was requested by him to allow the use of his claim against Mrs. Clippinger as a set-off, but declined to do so. Upon the trial of the issue in which Wm. L. Mosebey was plaintiff, the court was requested to direct that the recovery should be to the use of Frank McClain. This was refused, but after verdict the following order was made : " The judgment upon the verdict not to be used or assigned by the plaintiff until the report of the auditor to be appointed at this term by the orphans' court to report distribution of the estate of Elizabeth Clippinger, deceased, be confirmed, and execution upon the judgment is hereby restrained in the meantime.   This to afford an opportunity in that time for any parties to raise the question of the ownership of this judgment."

There was no allegation of collusion between Wm. L. Mosebey and the administrator to enable the former to avoid payment of a debt for which he was liable. He denied any obligation in that regard, and claimed to have been released by John McClain from his personal agreement with him.

In making distribution the auditor awarded the amount of Mosebey's judgment to McClain, stating in his report: " The auditor is of the view that it would be most inequitable and unjust to allow Wm. L. Mosebey to take the amount of the judgment of $330, or any part of it, from the estate, as the evidence is convincing that not one dollar of it belongs to him, and he is further of opinion that the right to the ownership of said judgment should be held to be in James F. McClain, and that the amount of it should be paid to him, and distribution of the funds of the estate to that amount, $330, is accordingly made to said James F. McClain."

This finding was based upon the supposition that Wm. L. Mosebey should have paid the annuity, and that the goods furnished and money advanced for which he recovered a judgment were in fact payments on account of the same, because he had previously in settling the annuity taken credit for goods furnished and money advanced.

It is probable that this disposition of the matter works out a result that is equitable, but it is in total disregard of all orderly procedure. Mosebey's judgment was for a debt due by Mrs. Clippinger, to whom he owed nothing. He was under no duty to her to pay the annuity, as he had never covenanted with her to do so, and was not the holder of the title when it became due. The payments which he had previously made to her were in discharge of his obligation to another, John McClain. Her administrator could not set off her claim for annuity in an action by him for goods sold. On the other hand he was under no legal duty to Frank McClain or James McClain to pay the annuity. His obligation to pay it, if any existed, was a personal obligation to another who was their predecessor in title. There was no privity of estate or contract between the parties, and there is no legal justification of the method by which the learned auditor gave effect to his views of the abstract justice of the case by delivering the property of one person bodily over to another.

The exceptions touching the distribution of the amount due upon the judgment of Wm. L. Mosebey v. John P. Sipes, Admr., are sustained, and the decree is reversed at the cost of the appellee, and it is now ordered that the amount of the said judgment be awarded to Wm. L. Mosebey.